**STATE of Maine**

v.

**Scott ANDERSON.**

Supreme Judicial Court of Maine.

Argued June 15, 1982.

Decided July 23, 1982.

Henry N. Berry, III, Dist. Atty., Peter G. Ballou, Deputy Dist. Atty. (orally), Michael Reynolds, Law Student Intern (orally), Portland, for plaintiff.

Dunlap & O'Brien, Mark E. Dunlap (orally), Portland, for defendant.

Before McKUSICK, C. J., NICHOLS, CARTER, VIOLETTE and WATHEN, JJ., and DUFRESNE, A. R. J.

NICHOLS, Justice.

The Defendant, Scott Anderson, appeals from his conviction of manslaughter, 17–A M.R.S.A. § 203(1)(A) (1980), after a jury trial in Superior Court (Cumberland County). The Defendant asserts that the Superior Court erred in denying his motion to suppress the results of the blood test. He contends, first, that this blood test was taken in violation of 29 M.R.S.A. § 1312 and should have been suppressed because there was no probable cause for arrest for operating under the influence and, second, that there was, in fact, no arrest made.

We deny the appeal and affirm the judgment of the Superior Court.

On December 24, 1980, the Defendant attended an afternoon Christmas party at his place of employment, Hancock Lumber, in North Windham, Maine. After several glasses of beer, he and a co-worker, Tom Levesque, left the party at around 4:00 P.M. to attend to some errands. At approximately 5:00 P.M., the Defendant and Levesque were proceeding south on the River Road at a speed of between 30 and 50 M.P.H. At the intersection of the River Road and Route 202, the Defendant drove past the stop sign and blinking red light and collided with a Toyota which was proceeding easterly on Route 202. Colleen Wood, the driver of the Toyota, was killed instantly. It appears that Levesque had seen the blinking red light and the approaching car but that the Defendant saw only the Toyota when it was too late to avoid it.

The Police Chief, Gregory Hanscom, soon arrived at the scene and assessed the accident. He observed the tire marks, the occupants of both cars and the condition of both cars. He talked to the Rescue Squad, bystanders, and Levesque who had been identified to him as the passenger in the Defendant's car.

Chief Hanscom followed the Defendant and Levesque to the Osteopathic Hospital in Portland where he read to the Defendant his rights under *Miranda v. Arizona*, 384 U.S. 436, 444–445, 86 S.Ct. 1602, 1612–1613, 16 L.Ed.2d 694 (1966). The Defendant chose to assert those rights and refused to answer questions without an attorney present. Chief Hanscom then read to the Defendant from the implied consent form which includes the initial words, "you are under arrest." The Defendant at that time had several lacerations on his face and legs and complained of head pain but was evaluated to be rational and coherent by Jona-

than Carol, the attending emergency room physician, and by Chief Hanscom. Hanscom and Carol testified at trial that the Defendant consented once the implied consent form was read to him and again when questioned by Carol immediately before the blood was drawn. The test was taken at 6:30 P.M.; the result was a blood-alcohol level of 0.15%.

The Defendant first argues that Chief Hanscom lacked the requisite probable cause to effect a valid arrest for operating under the influence. 29 M.R.S.A. § 1312. He then argues that because no probable cause existed and because the necessary elements for arrest were not fulfilled, the blood sample was taken in violation of the implied consent provisions of 29 M.R.S.A. § 1312.

The prefatory language to 29 M.R.S.A. § 1312 as it existed at the time of the alleged offense [1] provided in pertinent part that:

> Any person who operates or attempts to operate a motor vehicle within this State shall be deemed to have given consent to a chemical test to determine his blood-alcohol level by analysis of his blood or breath, if arrested for operating or attempting to operate a motor vehicle while under the influence of intoxicating liquor.

■ The facts of this case require us to address the question which was reserved in *State v. Donahue*, Me., 420 A.2d 936, 937 n. 2 (1980): whether an arrest, as it is traditionally defined, is a necessary prerequisite to the taking of a blood-alcohol test under 29 M.R.S.A. § 1312 before its 1981 amendment. We hold that it is not.

The Defendant does not claim that any of his constitutional rights were violated. Therefore, the only question should be whether Chief Hanscom had probable cause to arrest him when the Chief read him the

---

1. Chap. 475, sec. 2 repeals the above prefatory language and replaces it with P.L.1971, ch. 547, which provides that any person who operates or attempts to operate a motor vehicle within this State shall be deemed to have given consent to a chemical test to determine his blood-

alcohol level by analysis of his blood or breath, if there is probable cause to believe he has operated or attempted to operate a motor vehicle while under the influence of intoxicating liquor.

implied consent form. The Chief had the power to arrest the Defendant on probable cause. A probable cause requirement by itself will adequately protect drivers from unwarranted demands for blood-alcohol analysis. To require an actual physical arrest would provide no greater protection, but might well provide an escape from justice for inebriated drivers when the circumstances, as in this case, make physical arrest difficult, unnecessary, or even inadvisable. We will not so limit the application of section 1312.

Probable cause to arrest exists whenever facts and circumstances within the knowledge of the officer and of which he had reasonably trustworthy information would warrant a prudent and cautious person to believe that the arrestee had committed the crime. *State v. Fogg*, Me., 410 A.2d 548, 550 (1980). When Chief Hanscom arrived at the scene, he saw two cars that had collided at high speed. He noticed a strong odor of alcohol in the Defendant's car. He spoke to Levesque who had been identified by a bystander as being with the Defendant. Upon questioning, Levesque told the Chief that he and the Defendant had been together, had had some beer, and that the Defendant, who was driving, had failed to stop at the traffic signals.

The above facts support the Superior Court's implied finding of probable cause to arrest the Defendant for a violation of 29 M.R.S.A. § 1312. Even considering the slippery roads that night and the fact that the Defendant exhibited no gross symptoms of severe intoxication, there are enough facts on the record to support such a finding. The finding is one of fact and will not be set aside unless clearly erroneous. *State v. Parkinson*, Me., 389 A.2d 1, 9 (1978). No such error appears in the record.

We find the Defendant's other contentions without merit.

The entry must be:

Appeal denied.

Judgment affirmed.

All concurring.