**STATE of Maine**

v.

**Wayne R. CARON.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 19, 1987.

Decided Dec. 24, 1987.

Mary C. Tousignant, Dist. Atty., John O'Neil, Asst. Dist. Atty., Alfred, for the State.

James G. Boulos, Biddeford, for defendant.

Before NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

CLIFFORD, Justice.

The defendant, Wayne Caron, appeals from a Superior Court, York County, judgment of conviction of operating a motor vehicle while under the influence of intoxicating liquor, 29 M.R.S.A. § 1312 (1978 & Supp.1987).

Caron's only contention on appeal is that the District Court erred in denying his motion to suppress evidence emanating from his vehicle being stopped by a Maine state trooper. We agree with Caron that the trooper lacked an articulable suspicion sufficient to justify the stop of Caron's vehicle and vacate the judgment.

Caron was stopped on Route 202 in Alfred in the early morning hours of November 15, 1986, after a Maine state troop-

er observed him straddle the center line of the road for 25 to 50 yards and then steer back into the proper lane of travel. There was no oncoming traffic nor vehicles passing Caron at the time of the straddling, nor any other operation that was in any way erratic or unusual. The stop led to the testing and later the arrest of Caron for operating under the influence of intoxicating liquor. Caron's motion to suppress the evidence stemming from the stop was denied in the District Court, and the case was transferred to the Superior Court where, after a jury trial, the defendant was found guilty. This appeal followed.

The fourth amendment to the United States Constitution and article I, section 5 of the Maine Constitution protect us from unreasonable intrusions of police officers and other government agents. *State v. Griffin*, 459 A.2d 1086, 1089 (Me.1983).

"In order to initiate an investigation involving brief detention short of a formal arrest, a law enforcement officer must act on the basis of 'specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion.'" *Griffin*, 459 A.2d at 1089, quoting *Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968). The intrusion is justified if the officer has suspicion of "criminal conduct which has taken place, is occurring, or imminently will occur" and the suspicion is reasonably warranted, i.e., a person of "reasonable caution" would believe that criminal activity was afoot. *State v. Garland*, 482 A.2d 139, 142 (Me.1984); *Griffin*, 459 A.2d at 1089; *Terry*, 392 U.S. at 21–22, 88 S.Ct. at 1879–1880. The reasonable suspicion standard requires less than probable cause that a crime was being committed, but more than speculation or an unsubstantiated hunch. *State v. Wentworth*, 480 A.2d 751, 755 (Me.1984).

The finding of the motion judge that the stop was justified is reviewed only for clear error. *State v. Chapman*, 495 A.2d 314, 317 (Me.1985). We find such error here.

The trooper testified that he suspected the operator to be under the influence of intoxicating liquor or asleep. That suspicion was based solely on the single, brief straddling of the center line of the undivided highway, with no oncoming traffic in sight and no vehicles passing on the left, not constituting a violation of any traffic law. The observation, even when taken with all rational inferences that can be drawn from it, did not give rise to an objectively reasonable suspicion that criminal activity was involved. A vehicle's brief, one time straddling of the center line of an undivided highway is a common occurrence and, in the absence of oncoming or passing traffic, without erratic operation or other unusual circumstances, does not justify an intrusive stop by a police officer. Otherwise, we would sanction stops on mere hunch or speculation. *Wentworth*, 480 A.2d at 755. The fourth amendment to the United States Constitution and article I, section 5 of the Maine Constitution require more. *Griffin*, 459 A.2d at 1089.

Although the intoxicated condition of Caron observed after the stop bore out the trooper's subjective suspicion that the operator of the vehicle may have been under the influence, the suspicion for the stop must be based on information available to the trooper at the time of the stop, and cannot be bolstered by evidence gathered in the post-stop investigation. *Chapman*, 495 A.2d at 317.

The entry is:

Judgment vacated.

Remanded for further proceedings consistent with the opinion herein.

All concurring.