STATE of Maine

v.

**Stephen M. JARRETT, Jr.**

Supreme Judicial Court of Maine.

Argued Nov. 19, 1987.
Decided Feb. 2, 1988.

William R. Anderson, Dist. Atty., James E. Diehl (orally), Asst. Dist. Atty., Rockland, for plaintiff.

Esther R. Barnhart (orally), Robert J. Levine, Strout, Payson, Pellicani, Hokkanen, Strong & Levine, Rockland, for defendant.

Before NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

SCOLNIK, Justice.

This appeal presents the issue whether a vehicular stop by a police officer is justified

when he mistakenly believes the driver is someone else known to him to have a suspended driver's license. Pursuant to M.R. Crim.P. 11(a)(2), Stephen M. Jarrett, Jr. entered a conditional plea of guilty in the Superior Court, Knox County, to operating a motor vehicle after suspension, 29 M.R.S. A. § 2184 (Supp.1987) (Class D), reserving for appeal the question whether the District Court erred in denying his motions to suppress the evidence of his license suspension that a police officer gained as a result of stopping Jarrett's vehicle. Because we conclude that the court's finding that the officer articulated a sufficient basis to justify the stop was clearly erroneous, we vacate the judgment.

On April 5, 1986, Officer Mark Kelley of the Rockport Police Department stopped Jarrett's vehicle because he thought Jarrett was Stephen C., someone whose license he believed to be under suspension. After stopping Jarrett's vehicle, Kelley had Jarrett sit with him in his cruiser, while Kelley, believing Jarrett to be Stephen C., made a radio check of the status of Stephen C.'s driver's license. Upon obtaining confirmation that Stephen C.'s license was under suspension, Kelley placed "Stephen C." under arrest and filled out a Uniform Traffic Ticket (hereinafter "UTT"). Kelley wrote Stephen C.'s name on the UTT and charged him with operating after suspension. He then drove "Stephen C." to the Knox County Jail for processing.

Shortly before their arrival at the jail, Kelley realized his mistake, and radioed a request for a check on Jarrett's license status. Jarrett's license was also found to be under suspension. Upon arriving at the jail, Kelley crossed out Stephen C.'s name on the citation he had issued and inserted Jarrett's name.

At a hearing held pursuant to M.D.C. Crim.R. 40(a), the court denied Jarrett's motion to suppress all evidence obtained as a result of the investigatory stop. After the case was transferred to the Superior Court pursuant to his request for a jury trial, Jarrett entered his conditional guilty plea.

## Discussion

An investigatory stop of a motor vehicle meets constitutional requirements if it is based upon a "... reasonable suspicion of criminal activity, grounded in specific and articulable facts ..." *State v. Chapman,* 495 A.2d 314, 316 (Me.1985). *See also United States v. Cortez,* 449 U.S. 411, 417, 101 S.Ct. 690, 694, 66 L.Ed.2d 621 (1981); *Delaware v. Prouse,* 440 U.S. 648, 661, 99 S.Ct. 1391, 1400, 59 L.Ed.2d 660 (1979). In determining whether a reasonable suspicion existed, a court must take into account the totality of the circumstances surrounding the stop. *See Cortez,* 449 U.S. at 417, 101 S.Ct. at 694. The court's finding will not be disturbed unless it is clearly erroneous. *State v. Deabler,* 518 A.2d 121, 121 (Me.1986).

Jarrett contends that Kelley did not justify his stop with specific and articulable facts that would have given rise to a reasonable suspicion of unlawful conduct. The court found that "the officer, albeit he made a mistake of identity, clearly had a sufficient and articulable reason to stop and check the license [of Jarrett]." We conclude that this finding was clear error.

Although one conceivably may know that a person's driver's license is under suspension without knowing that person's name, we are presented in this case with a significantly different situation. Here, the court found that Officer Kelley suspected Jarrett of operating after suspension because he mistakenly believed him to be a different individual known to the officer to have a suspended driver's license, namely Stephen C. This alone does not constitute a reasonable basis to suspect that Jarrett himself was operating after suspension. Accordingly, since Kelley did not have a reasonable articulable basis to stop the defendant, all of the evidence after the stop should have been suppressed.

In view of our holding, it is unnecessary to address other arguments raised by Jarrett in this appeal.

The entry is:

Judgment vacated.

Remanded for further proceedings consistent with the opinion herein.

All concurring.