**STATE of Maine**

v.

**Gerry PELLETIER.**

Supreme Judicial Court of Maine.

Submitted on Briefs May 13, 1988.

Decided June 1, 1988.

John D. McElwee, Dist. Atty., Larry D. Amberger, Asst. Dist. Atty., Caribou, for the State.

Peter S. Kelley, Caribou, John D. Pelletier, Augusta, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

McKUSICK, Chief Justice.

Defendant Gerry Pelletier appeals from a judgment of the Superior Court (Aroostook County) affirming the District Court (Madawaska) revocation of his probation. Pelletier also appeals from his conviction in the Superior Court of operating under the influence, 29 M.R.S.A. § 1312–B (Supp. 1987), and unlawful possession of drugs (Class D), 17–A M.R.S.A. § 1107 (1983), after the court's acceptance of his conditional guilty pleas. Both the revocation of probation and the criminal convictions were based on evidence obtained when a Van Buren police officer stopped Pelletier's motor vehicle after following him for four to five miles. The appeals were taken by a single notice of appeal and have been argued and considered together here. Since we conclude that the District Court judge correctly denied Pelletier's motion to sup-

press, we affirm the Superior Court judgments.

■ The motion judge's finding that the police officer had a reasonable and articulable suspicion sufficient to justify an investigatory stop was not clearly erroneous. *See State v. Chapman,* 495 A.2d 314, 317–18 (Me.1985). The police officer driving behind Pelletier's car observed him cross over the center line three times and drift onto the right shoulder one time. The officer clearly had "more than speculation or an unsubstantiated hunch" that the driver was operating under the influence. *Cf. State v. Caron,* 534 A.2d 978, 979 (Me.1987) (police officer observed only one instance of straddling the center line without any oncoming or passing traffic and no other erratic or unusual operation).

■ We find no merit in Pelletier's other contention that the police officer violated his Fourth Amendment right merely by following his car for a number of miles before pulling him over. The Fourth Amendment to the United States Constitution and article I, section 5 of the Maine Constitution protest against unreasonable searches and seizures by government officials. Police observation of an individual's activity can constitute an unreasonable search if an individual has a reasonable expectation of privacy in the activity observed by the police officer. The expectation of privacy is reasonable if the individual subjectively has an expectation of privacy in that activity and if society is willing to recognize the individual's expectation of privacy in the activity as objectively reasonable. *Katz v. United States,* 389 U.S. 347, 361, 88 S.Ct. 507, 516, 19 L.Ed.2d 576 (1967) (Harlan, J., concurring). "A person traveling in an automobile on public thoroughfares has no reasonable expectation of privacy in his movements from one place to another." *United States v. Knotts,* 460 U.S. 276, 281, 103 S.Ct. 1081, 1085, 75 L.Ed. 2d 55 (1983). Any alleged expectation of privacy that Pelletier may have had concerning his method of driving on a public road was not reasonable, and the officer's observations of Pelletier's driving did not constitute an unreasonable search. Nei-

ther did the officer's action of following Pelletier constitute a seizure under the Fourth Amendment. A person is seized if an "officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen." *Terry v. Ohio,* 392 U.S. 1, 19 n. 16, 88 S.Ct. 1868, 1879 n. 16, 20 L.Ed.2d 889 (1968). Pelletier was not "seized" for Fourth Amendment purposes until the police officer stopped his car.

The entry is:

Judgment affirmed.

All concurring.