**STATE of Maine**

v.

**James H. DEGEN.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 14, 1988.
Decided Dec. 14, 1988.

Janet Mills, Dist. Atty., Patricia Reynolds, Asst. Dist. Atty., Auburn, for the State.

Anthony K. Ferguson, Fales & Fales, Lewiston, for defendant.

Before ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

CLIFFORD, Justice.

The defendant, James H. Degen, appeals from a judgment of the Superior Court (Androscoggin County, *Delahanty II, J.*) affirming his conviction in the District

Court (Lewiston, *Beliveau, J.*) for operating under the influence of intoxicating liquor (OUI), or having excessive alcohol in his blood, 29 M.R.S.A. § 1312–B (Supp. 1981) and for failing to stop at a red light, 29 M.R.S.A. § 947(3) (1978 & Supp.1988). We affirm.

Degen was stopped by Officer Michael Mathieu of the Lewiston Police Department after driving through a red light. Officer Mathieu testified that he detected an odor of alcohol, observed Degen's bloodshot eyes and slow and slurred speech, that Degen grabbed the seat for support while exiting the vehicle, swayed from side to side while walking, and was unable to perform satisfactorily several field sobriety tests. Consequently, Degen was arrested and taken to the Lewiston Police Station, where he was given a breath balloon test to measure the content of alcohol in his blood. The breath sample was sent to the Department of Human Services Public Health Laboratory. In addition to the testimony Officer Mathieu, the State presented Harold Booth, a chemist employed by the Department, who testified, over the objection of Degen, that the analysis of Degen's breath sample revealed a blood-alcohol level of .16% alcohol by weight. The trial court found Degen guilty of both offenses and his appeal to this court followed his unsuccessful appeal to the Superior Court.

■ Degen first argues that the court committed error in denying his motion to suppress the blood-alcohol test results based on an absence of probable cause for the officer to arrest for operating under the influence.[1] Based on Officer Mathieu's testimony concerning the odor of alcohol,

Degen's bloodshot eyes and slow and slurred speech, the difficulty Degen had maneuvering and in performing the field sobriety tests, as well as his driving through a red light, there was ample evidence on which the court could conclude that there was probable cause to arrest Degen for operating under the influence. *State v. Anderson*, 447 A.2d 827, 829 (Me. 1982).

Degen further contends that Booth should not have been allowed to testify concerning the test results. Booth had with him photocopies of his log entries and notes made while conducting the gas chromatograph test used to determine the blood-alcohol content of the sample; he referred to those notes and read from them in his testimony.[2] The original notes were at Booth's laboratory in Augusta. The District Court overruled Degen's "best evidence rule," M.R.Evid. 1002,[3] objection to Booth's testimony.

■ Booth did not sufficiently recall the actual chemical analysis of Degen's breath test, so as to testify about it from his present memory, *see* M.R.Evid. 612, but his testimony met the requirements of recorded recollection under M.R.Evid. 803(5).[4] He had a present memory that the notes were a record of matters previously known to him, made by him at a time when his memory was fresh, and known by him to be accurate. *Cope v. Sevigny*, 289 A.2d 682, 687–88 (Me.1972). The best evidence rule is applicable to material being used as past recollection recorded, *Id.* at 688, and because the originals were in Augusta, the notes did not fall within any of the excep-

---

1. 29 M.R.S.A. § 1312 (Supp.1988) requires submission to a blood or breath blood-alcohol level test if there is probable cause to believe that one has operated or attempted to operate a motor vehicle while under the influence of alcohol.

2. The actual breath balloon test kit was admitted into evidence.

3. M.R.Evid. 1002 provides as follows:
   To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by statute.

4. M.R.Evid. 803(5) provides as follows:
   **(5) Recorded Recollection.** A memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable him to testify fully and acurately, shown to have been made or adopted by the witness when the matter was fresh in his memory and to reflect that knowledge correctly. If admissible, the memoradum or record may be read into evidence but shall not be received as an exhibit unless offered by an adverse party.

tions to the best evidence rule set out in M.R.Evid. 1004.[5] The testimony was admitted contrary to the best evidence rule. However, "[w]hen it comes to a motion for a new trial or on appeal, an asserted error in admitting secondary evidence may be classed as harmless. The purpose of the best evidence rule is to secure the most reliable information as to the contents of a document when its terms are disputed. The rule is not an end in itself. Consequently, if complaining counsel is asked whether there is an actual dispute as to the terms of the writing and he cannot give assurance that such good faith dispute exists, any deviation from the rule would be harmless error." M.R.Evid. 1004 advisers' note; Field & Murray, *Maine Evidence* pp 418–19 (1987). In this case, Booth testified that he himself photocopied from the originals the notes from which he testified and that the notes were not tampered with. Degen made no assertion that there was any actual dispute as to their accuracy. In view of the nature of the evidence, we agree with the Superior Court that the error made by the District Court in admitting Booth's testimony was harmless.

The entry is:

Judgment affirmed.

All concurring.

---

5.  M.R.Evid. 1004 provides as follows:
    The original is not required, and other evidence of the contents of a writing, recording, or photograph is admissible if:
    **(1) Originals lost or destroyed.** All originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith; or
    **(2) Original not obtainable.** No original can be obtained by any available judicial process or procedure; or

**(3) Original in control of opponent.** At a time when an original was under the control of the party against whom offered, he was put on notice, by the pleadings or otherwise, that the contents would be a subject of proof at the hearing, and he does not produce the original at the hearing; or
**(4) Collateral matters.** The writing, recording, or photograph is not closely related to a controlling issue.