STATE of Maine

v.

Jay M. FITZGERALD.

Supreme Judicial Court of Maine.

Submitted on briefs Nov. 18, 1992.

Decided Jan. 28, 1993.

Janet T. Mills, Dist. Atty., Kevin J. Regan, Asst. Dist. Atty., Auburn, for the State.

Walter M. Hanstein, Cloutier, Joyce, Dumas & David, Livermore Falls, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

COLLINS, Justice.

Jay M. Fitzgerald, following his entry of a conditional plea of guilty to operating under the influence charges in the Superior Court (Androscoggin, *Lipez, J.*), challenges the District Court's (Livermore Falls, *Sheldon, J.*) denial of his motion to suppress on the grounds that the stop of his motor vehicle was in violation of his constitutional rights. Because we find no error, we affirm.

On June 6, 1991, Fitzgerald's motor vehicle was stopped by Deputy Rodney Gagnon of the Androscoggin County Sheriff's Office, and as a result of that stop Fitzgerald was subsequently arrested and charged with operating under the influence. After a suppression hearing, the District Court denied the motion to suppress. The District Court found the following facts:

It was after dark on June 6, 1991, when Sergeant Rodney Gagnon saw a car in front of him on Route 4 enter a private turn-around, come to a stop, and turn off its lights. The officer knew this turn-around to be a place where people frequently dumped trash; the owner had posted the place with no-trespassing signs and had asked the police to keep people out. The officer drove up the road a bit, turned around to return to where the car had stopped, and pulled into the site. The driver of the stopped car was standing outside his vehicle when he saw the cruiser approach; he immediately got into his car and tried to drive off. The officer then turned on his blue lights and halted the other car, driven by the Defendant. The officer wanted his [I.D.] in case it later turned out that something improper—like littering—had occurred. After the officer got the Defendant stopped, he apparently noticed indicia of insobriety, and the OUI arrest ensued. The officer never saw the vehicle's manner of operation and never actually saw the Defendant committing any illegality or impropriety, although there is some indication that the officer may have suspected the Defendant of stopping to urinate. It should be noted that the Defendant never violated the no trespassing signs.

The turn-around was a dirt clearing of five to six car lengths and a width of 20–25 feet.

The District Court determined that Officer Gagnon's stop of Fitzgerald's vehicle was based on reasonable and articulable suspicion. "We will overturn the District

Court's finding that the stop was supported by a 'reasonable and articulable suspicion' only if the record discloses that it is clearly erroneous." *State v. D'Angelo,* 605 A.2d 68, 70 (Me.1992); *State v. Thurlow,* 485 A.2d 960, 963 (Me.1984) ("Whether for a particular vehicular stop the police had the required articulable suspicion is always a question of fact to be decided by the trial judge who hears the witnesses at the suppression hearing."); *see also State v. Hatch,* 614 A.2d 1299, 1301 (Me.1992). Since we cannot say that the District Court's finding was clearly erroneous, we uphold its decision.

The Fourth Amendment to the United States Constitution and Art. I § 5 of the Maine Constitution protect an individual from unreasonable intrusions by police officers and other governmental agents. *State v. Caron,* 534 A.2d 978, 979 (Me. 1987); *State v. Griffin,* 459 A.2d 1086, 1089 (Me.1983). In order to justify a brief detention short of a formal arrest, a law enforcement officer must act on the basis of "specific and articulable facts which when taken together with rational inferences from those facts, reasonably warrant the intrusion." *Terry v. Ohio,* 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968). The intrusion is justified if the officer has suspicion of "criminal conduct which has taken place, is occurring, or imminently will occur" and the suspicion is reasonably warranted. *Caron,* 534 A.2d at 979 (quoting *Terry,* 392 U.S. at 21, 88 S.Ct. at 1880). The level of information held by the officer need not, however, rise to that of probable cause required for an arrest. *Griffin,* 459 A.2d at 1089; *State v. Rand,* 430 A.2d 808, 819 (Me.1981); *State v. Babcock,* 361 A.2d 911, 914 (Me.1976). "In fact, the observed conduct giving rise to the officer's suspicion of criminal activity may be wholly lawful in itself." *Griffin,* 459 A.2d at 1089; *Reid v. Georgia,* 448 U.S. 438, 441, 100 S.Ct. 2752, 2754, 65 L.Ed.2d 890 (1980).

It is apparent that Deputy Gagnon reasonably suspected Fitzgerald of wrongdoing based on the previous littering and trespassing that had occurred on the private property in question. This reasonable suspicion prompted Deputy Gagnon's decision to investigate. The record reveals that as Deputy Gagnon approached, Fitzgerald was outside his vehicle in the dark. This fact, coupled with Fitzgerald's attempt to leave the area upon seeing the cruiser approach, bolstered Deputy Gagnon's suspicion. Based on this reasonable suspicion, Gagnon decided to make what, but for Fitzgerald's intoxication, would have been a brief investigatory stop. Based on these facts, we must affirm the District Court's finding that the stop was based on reasonable and articulable suspicion.

The entry is:

Judgment affirmed.

All concurring.