## ESTATE OF Jules L. VOIGNIER, Jr.

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 23, 1993.

Decided March 14, 1994.

Peter L. Murray, Judith M. Peters, Murray, Plumb & Murray, Portland, for plaintiff.

Edwin A. Heisler, Richardson & Troubh, Portland, Paul L. Beach, Kennebunk, for defendant.

Before ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

CLIFFORD, Justice.

Rose Voignier (Rose) appeals from a decision and order of the York County Probate Court (*Brooks, J.*) granting only in part her request for attorney fees and expenses. She contends that the Probate Court failed to comply with the mandate of this court in *Estate of Voignier,* 609 A.2d 704 (Me.1992) (*Voignier  I* )[1] and abused its discretion. Finding no error, or abuse of discretion, we affirm the Probate Court.

In *Voignier I,* an appeal taken by Rose, the widow of Jules L. Voignier, Jr., and the income beneficiary of his testamentary trust, we upheld the Probate Court's refusal to remove Warren Bittner as the personal representative of the Estate of Jules L. Voignier, and to surcharge him for losses to the Estate. We did, however, find that the court erred in denying Rose's petition for payment of her attorney fees, and concluded that

Bittner breached his fiduciary duty to Rose, and Rose has been forced to sue him

1. *See also Voignier v. Bittner,* 609 A.2d 709 (Me.  1992), a related case.

and to spend several years in litigation to force him to pay her the income to which the court decided she was entitled. In this case, it is clear that Rose's actions were required to insure compliance with the court's orders regarding payment of income, and that she is entitled to be reimbursed for her costs and attorney fees in litigating the issue of her entitlement to income payments. Therefore, justice requires that Rose's attorney fees and expenses incurred in forcing Bittner to pay her the income that the court determined properly belonged to her be paid out of the estate. . . .

On remand, the Probate Court construed our mandate in *Voignier I* as entitling Rose to be reimbursed for attorney fees incurred in litigating an entitlement to income payments, but not for her efforts to remove Bittner and surcharge him. The Probate Court awarded Rose attorney fees of $29,400 as follows:

1. $2000 of $8250 in fees charged by Arthur A. Peabody;

2. $4000 of $28,045 in fees charged by Marcus & Marcus; and

3. $23,400 of $27,000 in fees charged by Murray, Plumb & Murray.

The court denied Rose's request that the Estate reimburse her $1689.65 for depositions and trial transcripts. Rose has appealed that part of the court's order dealing with the fees of Peabody and Marcus & Marcus, and the court's failure to allow the deposition and trial transcript costs.

Rose contends that the Probate Court construed the mandate in *Voignier I* too narrowly and abused its discretion in its fee awards and its failure to allow for the costs of the deposition and trial transcripts. She argues that because of the intransigence of the personal representative, all of the attorney fees for which she seeks reimbursement were necessary to her securing the income to which she was entitled, and, moreover, were reasonable. We disagree.

■ On remand, it was Rose's burden to demonstrate entitlement to the amount of attorney fees she requested. *Weinberger v. Great N. Nekoosa Corp.*, 801 F.Supp. 804,

807 (D.Me.1992). After full consideration of the affidavits submitted in support of the attorney fee awards, the Probate Court determined that $29,400 was a reasonable amount to be paid by the Estate for attorney fees incurred in litigating Rose's entitlement to income payments. It found some duplication in the requested fees, and that much of the time the attorneys set out in the requests had been "devoted to matters not bearing a direct relationship to litigating the issue of entitlement to income payments." The mandate in *Voignier I* provided that the case was remanded to the Probate Court "for calculation and award of Rose Voignier's *reasonable* expenses and attorney fees incurred in *litigating the issue of her entitlement to income payments*." *Voignier I*, 609 A.2d at 709 (emphasis added). The mandate contained nothing about Rose's right to attorney fees and costs related to other issues, including her efforts to remove and surcharge the personal representative. Indeed, in *Voignier I* we upheld the Probate Court's refusal to remove and surcharge Bittner as the personal representative. *Id.* at 707–08. Thus, the court did not err in concluding that Rose was not entitled to be reimbursed for *all* her attorney fees, including those expended in the effort to remove and surcharge.

In the absence of any requests for findings of fact indicating otherwise, *see* M.R.Prob.P. 52; M.R.Civ.P. 52(a), we cannot conclude that the Probate Court misconstrued the mandate, or that it did not fairly consider all fee requests related to litigation of the issue of Rose's entitlement to income payments. The findings of the Probate Court, thoroughly familiar with this complex and bitterly litigated case, are entitled to great deference and should not be disturbed unless they are clearly erroneous. *Estate of Tessier*, 468 A.2d 590, 597 (Me.1983). Those findings are supported in the record, and the amounts of the fees awarded demonstrate no abuse of the court's discretion.

■ In addition, the court was unpersuaded that the $1689.65 for transcripts was sufficiently related to the litigation of Rose's entitlement to income payments to award that expense. On this record, the Probate Court was not compelled to allow such costs. *Mor-*

*ton v. Miller,* 600 A.2d 395, 397 (Me.1991); *Town of Eustis v. Stratton–Eustis Dev. Corp.,* 516 A.2d 951, 953 (Me.1986).

The entry is:

Judgment affirmed.

All concurring.

