**STATE of Maine**

v.

**Heather POOLE.**

Supreme Judicial Court of Maine.

Argued Sept. 12, 1988.
Decided Dec. 5, 1988.

Mary Tousignant, Dist. Atty., Anne Jordan (orally), Asst. Dist. Atty., Alfred, for plaintiff.

William L. Vickerson (orally), Levenson & Vickerson, Portland, for defendant.

Before WATHEN, GLASSMAN, CLIFFORD and HORNBY, JJ.

GLASSMAN, Justice.

Pursuant to 15 M.R.S.A. § 2115–A(1) (1980) the State of Maine appeals from the judgment of the District Court (Kittery, *Crowley, J.*) suppressing evidence obtained after the investigatory stop of a vehicle operated by the defendant, Heather Poole. We agree with the State's contention that the trial court erroneously excluded as hearsay certain evidence offered by the State and vacate the judgment.

The record discloses that on December 22, 1987, at approximately 7:50 p.m., while Trooper Ronald Michaud was running stationary radar in his marked police cruiser at a median strip crossover of the interstate highway south of the York toll gate, he overheard on the citizens' band radio two truck drivers discussing the erratic operation of a vehicle they were observing. Michaud made contact with one of the truck drivers. The driver told Michaud the location of the car and that the car was "all over the road." The driver also told Michaud that the vehicle was a sedan with a license plate of "MONEY 3 or MONEY 23." Michaud identified himself as a state trooper, told the truck driver where he was located and requested that the driver inform him when the car in question passed by his location.

The truck driver informed Michaud when the car and the truck were passing Michaud's location. Michaud followed the car, which had a license plate of "MONY-3," for approximately one mile. During that time, the car, in a "lazy S fashion," without erratic or jerky movements, drifted from the center lane of the three-lane highway to straddle the broken line between the center and left lane. The car then moved to the far right lane and then back to the center. The car repeated the motion by straddling the broken line between center and left lanes. Michaud stopped the car when it started moving to the right lane. Michaud was unsuccessful in his attempt to communicate with the truck driver after stopping the Poole car, and the truck driver was never identified. Poole was charged with operating a motor vehicle while under the influence of intoxicating liquor in violation of 29 M.R.S.A. § 1312–B(1)(B) (Supp.1988), *amended by* P.L.1987, ch. 791. Poole filed a motion to suppress any evidence secured by the State as a result of the stop of her car.

At the hearing on the motion to suppress, the trial court granted Poole's motion to strike as inadmissible hearsay Michaud's testimony relating the radio communications he had overheard between the two truck drivers and that between Michaud and one of the truck drivers. The trial court held at the hearing's completion that Michaud did not have a reasonable articulable suspicion sufficient to justify stopping Poole's car and granted Poole's motion to suppress. The State appeals from this judgment.

We need address only the State's first contention that the trial court erred in finding that Michaud's testimony as to the radio communications was offered for the

truth of the matters asserted therein and therefore inadmissible hearsay.

M.R.Evid. 104(a) provides that the trial court shall determine the preliminary questions concerning the admissibility of evidence. Unlike Fed.R. of Evid. 104, M.R. Evid. 104(a) makes the rules of evidence applicable in hearings of motions to suppress evidence. In this connection, the advisers' note to Rule 104 refers to the fact that a statement made by a person out of court is not hearsay if it is introduced as evidence of probable cause or an articulable suspicion and not for the truth of the matter asserted. M.R.Evid. 104 advisers' note, *reprinted in* Field & Murray, *Maine Evidence* 25 (1987). *See also* Field & Murray, *supra*, § 104.2, at 28–29.

Rule 103(a)(2) of the Maine Rules of Evidence provides in pertinent part:

> Error may not be predicated upon a ruling which ... excludes evidence unless a substantial right of the party is affected, and
>
> ....
>
> ... the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked.

Here, the stated purpose for the offer of the radio communications was as evidence of the information Michaud possessed at the time he stopped Poole's car, not for the truth of the truck drivers' statements. Accordingly, the court erred in excluding this evidence. *See State v. Peaslee*, 526 A.2d 1392, 1392 (Me.1987) ("The test is whether the information given contains sufficient indicia of reliability, not whether it establishes the truth of these particular facts."). Because the ruling of the trial court affected the right of the State to prove its case, and the substance of the offered evidence was made known to the trial court prior to its ruling, we vacate the judgment. *See* M.R.Evid. 103; M.R.Civ.P. 61; *see also* Field & Murray, *supra*, § 103.2, at 8 ("If a specific objection is *sustained,* and the ground of objection is invalid, a reversal is in order if the evidence is admissible and its exclusion prejudicial to the proponent.") (emphasis in the original).

Since the trial court struck the evidence from the record without affording Poole an opportunity to exercise or waive her right to cross-examine Michaud about the radio communications, we remand this matter to the District Court.

The entry is:

Judgment vacated. Remanded to the District Court for proceedings consistent with the opinion herein.

All concurring.