**STATE of Maine,**

v.

**Kenneth FORTIN.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 24, 1993.

Decided Oct. 22, 1993.

Michael Povich, Dist. Atty., Dennis E. Smith, Asst. Dist. Atty., Mchias, for state.

James P. Howaniec, Lewiston, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

WATHEN, Chief Judge.

Defendant Kenneth Fortin appeals from a judgment of the Superior Court (Washington County, *Mead, J.*) convicting him of operating a motor vehicle while under the influence of intoxicating liquor. Pursuant to M.R.Crim.P. 11(a)(2), defendant entered a conditional guilty plea in the Superior Court after the District Court (Calais, *Romei, J.*) denied his motion to suppress the results of a blood alcohol test. He argues that the police stopped his vehicle illegally because of the absence of any articulable basis for a reasonable suspicion of criminal conduct. Finding no error, we affirm.

Around 6:20 p.m. on July 7, 1992, Officer Robert Geroux of the Calais Police Department responded to a complaint of a fight at a residence on North Street in Calais. There he observed three or four individuals on the porch drinking beer and arguing. He also saw a blue pickup truck parked at the residence. Geroux told the individuals to "keep it down" then left.

About thirty minutes later, an anonymous caller complained that three of the individuals whom Geroux had seen earlier were all intoxicated and had left the house in the pickup truck heading west on Route 1. Officer David Randall responded, as did Geroux. Randall drove by the pickup truck while it was parked, unoccupied, at a car wash. As he prepared to turn around, he saw the truck coming toward him. He pulled behind it and received a more precise description of the truck from Geroux, then stopped the truck.

Randall approached the truck and observed defendant in the driver's seat along with two passengers. He asked defendant to step out of the truck, and then smelled a "strong odor" of alcohol on his breath. Defendant was charged with operating a motor vehicle while under the influence of intoxicating liquor, and a blood alcohol test was administered.

Defendant moved to suppress the results of his blood alcohol test, and, after an evidentiary hearing, the District Court denied the motion. The District Court found that the initial encounter with Officer Geroux, together with the anonymous complaint, constituted sufficient articulable facts to justify the stop. Defendant tendered a conditional guilty plea and now appeals.

"To justify an investigatory stop of a moving vehicle, . . . the officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrants suspicion of criminal conduct on the part of the occupants." *State v. Rand*, 430 A.2d 808, 819 (Me.1981). Whether an officer has sufficient articulable facts to justify a stop is a question of fact for determination by the trial court at the suppression hearing. *State v. Thurlow*, 485 A.2d 960, 963 (Me.1984). The court must look at the totality of the circumstances surrounding the stop. *Id.* at 964; *see also Illi-*

*nois v. Gates,* 462 U.S. 213, 233, 103 S.Ct. 2317, 2329, 76 L.Ed.2d 527 (1983). We will overturn the District Court's factual finding only if it is clearly erroneous. *State v. Hatch,* 614 A.2d 1299, 1301 (Me.1992); *State v. D'Angelo,* 605 A.2d 68, 70 (Me.1992); *State v. Caron,* 534 A.2d 978, 979 (Me.1987).

Defendant contends that the facts disclose no basis for a reasonable suspicion and relies on cases from other jurisdictions holding that anonymous tips alone are insufficient.[1] The evidence, however, supports the court's finding. The anonymous complainant gave concrete statements of the time and place of the occurrence and a description of the truck and the number of occupants. Officer Geroux had previously observed the occupants drinking and arguing. Examining the totality of the circumstances, the District Court's finding that Randall had a sufficient basis for suspicion is not clearly erroneous. *See State v. Temple,* 65 Haw. 261, 650 P.2d 1358, 1364 (1982) (stop may be predicated on informer's word if supported by indicia of reliability, such as concrete statements of time and place, detailed descriptions, and independent observations by officers).

The entry is:

Judgment affirmed.

All concurring.

---

1. Defendant also argues that because the truck was unoccupied when first seen by Randall, there was no evidence that the driver seen by the anonymous tipster was the same driver stopped by Randall. This argument is inapposite, as Officer Randall testified that the informant stated that there were three occupants in the truck, *all* of whom were intoxicated.