**STATE of Maine**

v.

**Zane LITTLEFIELD.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 18, 1996.

Decided June 6, 1996.

R. Christopher Almy, District Attorney, Jeffrey Silverstein, Assistant District Attorney, Bangor, for the State.

Perry O'Brian, Bangor, for Defendant.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

LIPEZ, Justice.

Zane Littlefield appeals from judgments of conviction for operating a motor vehicle while under the influence of alcohol, 29 M.R.S.A. § 1312–B (1978) (current version at 29–A M.R.S.A. § 2411 (Pamph.1995)), operating a motor vehicle after suspension, 29 M.R.S.A. § 2184 (1978) (current version at 29–A M.R.S.A. § 2412–A (Pamph.1995)), and failing to give his correct name, 29 M.R.S.A. 2501 (1978) (current version at 29–A M.R.S.A. § 1760 (Pamph.1995)), entered in the Superior Court (Penobscot County, *Kravchuk, J.*) affirming the judgments of the District Court (Bangor, *Hjelm, J.*) following his conditional guilty pleas, M.R.Crim.P. 11(a)(2). The pleas preserved for appellate review the court's denial of Littlefield's motion to suppress the evidence that was obtained as the result of an investigatory stop. Littlefield contends that the officer did not have a reasonable articulable suspicion to justify the stop. We disagree, and affirm the judgments.

At approximately 5:30 p.m. on July 11, 1993, Officer Jay Munson of the Brewer Police Department, while sitting in his marked police cruiser in a rest area on North Main Street in Brewer, received a call from dispatch telling him to look out for a 1979 blue Chevy pickup truck with Maine registration 28230Z. The call also indicated that the truck was traveling on Route 9 from Eddington towards Brewer and that the truck was "all over the road." Dispatch received this information from the Penobscot County Sheriff's Department, which in turn obtained the information from an anonymous tip. Officer Munson was not aware of the source of the information.

Within three or four minutes of receiving the information, Officer Munson observed a truck matching the description he had been

given proceeding on Route 9 into Brewer. The officer pulled out of the rest area and caught up to the truck. He observed nothing unusual about the truck in either its appearance or operation. The truck was not being operated in an erratic manner or at a high rate of speed. After following the truck for approximately one tenth of a mile, the officer saw the truck put on its left blinker and turn into a driveway. Having already checked the registration, Officer Munson knew that the truck was registered to a Winterport address. Officer Munson turned on his blue lights and followed the truck into the driveway.

Defendant was subsequently charged with the three offenses noted above. Littlefield initially entered not guilty pleas as to each of these charges and moved to suppress the evidence obtained as a result of the stop. After a hearing, the District Court (Bangor, *Hjelm, J.*) denied Littlefield's motion to suppress. Littlefield then entered conditional guilty pleas on all three charges, which the court accepted. Littlefield appealed to the Superior Court, arguing that the District Court erred in denying his motion to suppress. The Superior Court affirmed. Littlefield appeals from the judgments entered in the Superior Court.

■ When the Superior Court acts as an intermediate appellate court, as here, we review the decision of the trial court directly. *State v. Dube,* 655 A.2d 338, 340 (Me.1995). A ruling on a motion to suppress based on uncontroverted facts involves a legal conclusion that we review independently on appeal. *Id.* The facts are undisputed in the instant case.

■ "To justify an investigatory stop of a moving automobile, ... the officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant suspicion of criminal conduct on the part of the occupants." *State v. Rand,* 430 A.2d 808, 819 (Me.1981). The crux of the reasonable articulable suspicion analysis is the reliability of the information used by the officer to justify the stop. *Alabama v. White,* 496 U.S. 325, 330, 110 S.Ct. 2412, 2416, 110 L.Ed.2d 301 (1990); *State v. Fortin,* 632 A.2d 437, 439

(Me.1993) (citing a Hawaii case that held investigatory stops may be predicated on anonymous tips if the tipster's information is supported by adequate indicia of reliability). Whether an officer has sufficient articulable facts to justify a stop must be determined by the totality of the circumstances surrounding the stop. *Fortin,* 632 A.2d at 438; *State v. Hasenbank,* 425 A.2d 1330, 1334 (Me.1981), *appeal denied after remand,* 436 A.2d 1130 (Me.1981); *accord White,* 496 U.S. at 330, 110 S.Ct. at 2416.

■ Defendant contends that the anonymous tip received by Officer Munson was not, by itself, sufficiently reliable to justify the investigatory stop of his vehicle. In particular, defendant emphasizes that Officer Munson did not observe anything about the truck that led him independently to believe that criminal conduct had occurred or was occurring. In the absence of such independent observations, the defendant argues that the mere fact that the tip contained concrete statements of time and place as well as a specific description of the truck was not sufficient to justify the stop.

In *State v. Hasenbank,* 425 A.2d at 1333, we rejected the proposition that innocuous behavior on the part of a suspect at the time of an investigatory stop is necessarily fatal to a finding that the stop was constitutionally reasonable. We further held in *Hasenbank* that an investigatory stop-and-frisk of an allegedly armed suspect, based on an anonymous tip, was constitutionally permissible, although the police officer did not himself observe any behavior on the part of the suspect that led him independently to believe that the suspect was armed. *Id.,* 425 A.2d at 1334. Central to our analysis in *Hasenbank* was the fact that elements of the anonymous tip were immediately corroborated by the officer, including the physical description and location of the suspect. *Id.* We explained:

Adequate indicia of reliability of anonymous tips may arise from the very specificity of the information given respecting the individual suspect, since detailed descriptive characteristics of the person, including the clothes he is wearing, when corroborated by the officers who shortly thereafter

find an individual in the given spot or area exactly fitting the description, strongly indicate that the information is based on the personal observation of the informant. There is some verification factor in the very accuracy of the description.

*Id.*[1]

In the instant case, Officer Munson received a detailed description of a truck including its make, model year, color, and its license plate number. He was also provided with the direction in which the truck was traveling and its location. Within three to four minutes of receiving this information, he observed a vehicle matching this description traveling in the direction and on the road described in the tip. Although he did not observe any erratic or illegal driving, he did observe the truck turning left into a driveway almost as soon as he began following it. He had a reasonable basis for believing that the truck did not belong in that driveway. The totality of the circumstances provided the "indicia of reliability" that the informant had personal knowledge that criminal or hazardous conduct in the form of erratic operation of a motor vehicle had occurred. This reliable information provided a constitutional basis for the investigatory stop. The court did not err in denying defendant's motion to suppress.

The entry is:

Judgments affirmed.

All concurring.

---

**1.** Although the detaining officer in *Hasenbank* did not independently observe suspicious conduct by the suspect, he did recognize the suspect as someone who had been "in trouble" and who was "known to carry" a gun. *State v. Hasenbank*, 425 A.2d 1330, 1332 (Me.1981), *appeal denied after remand*, 436 A.2d 1130 (Me.1981). We noted that fact, in addition to the detaining officer's visual confirmation of the details of the anonymous tip, in concluding that the investigatory stop was based on a reasonable articulable suspicion. *Id.* We nevertheless went on to hold more generally that such personal knowledge by the officer about the suspect is *not* necessary to justify an investigatory stop and frisk. We stated:

[W]e hold that, where police receive information which, even though provided by an anonymous informant, indicates that the informant has personal knowledge that a described individual is carrying a concealed weapon, the officers, after visually confirming the accuracy of the supplied description, may stop and frisk the individual and lawfully seize any weapons they find.

*Id.* at 1334. Although *Hasenbank* is factually distinguishable from the instant case because of the officer's personal familiarity with the suspect, its holding about the verifying details of an anonymous tip does not depend on such familiarity.