2009 ME 63

**STATE of Maine**

v.

**David VAUGHAN.**

Supreme Judicial Court of Maine.

Argued: May 20, 2009.
Decided: June 23, 2009.

Stephanie Anderson, Dist. Atty., William J. Barry, Asst. Dist. Atty. (orally), Portland, ME, for the State.

Michael B. Whipple, Esq. (orally), The Hallett Law Firm, Portland, ME, for David Vaughan.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

SILVER, J.

[¶ 1] The State of Maine appeals from the order of the Superior Court (Cumberland County, *Cole, J.*) granting David Vaughan's motion to suppress all evidence in the operating under the influence case brought against him. The State argues that the Superior Court erred in determining that evidence of a tip received by dispatch and given to the officer was inadmissible hearsay. Vaughan argues that the evidence was, in fact, hearsay and that,

without any admissible evidence as to the officer's reasonable articulable suspicion, all evidence obtained as a result of the stop was properly suppressed by the Superior Court. We vacate the suppression order.

## I. BACKGROUND

[¶ 2] On December 6, 2007, Police Officer Robert Hunt was on duty in the Windham police station. Officer Hunt was in the room adjoining the dispatch center when an unnamed dispatcher called him into the center at approximately 3:00 P.M. and reported to him that a woman named Linda Vaughan was on the phone. According to Officer Hunt, Linda called and reported to the dispatcher that David Vaughan, her husband, had recently left the couple's home while intoxicated and was headed to the Hannaford store in North Windham to purchase more alcohol. Officer Hunt testified that Linda also told the dispatcher that David had been drinking heavily since earlier that morning. Approximately three to four minutes after receiving the information from dispatch and leaving the police station, Officer Hunt located and stopped Vaughan's vehicle as Vaughan was leaving the Hannaford store to get back onto Route 302.[1] He was later charged with operating under the influence (Class D), 29–A M.R.S. § 2411(1–A)(A), (5) (2007),[2] and violating conditions of release (Class E), 15 M.R.S. § 1092(1)(A) (2008).

[¶ 3] Vaughan moved to suppress the evidence obtained as a result of the stop. The Superior Court held a hearing and granted Vaughan's motion to suppress on the grounds that the State did not offer proof that a phone call had been received by dispatch, other than the testimony pro-

---

1. Other than the phone call from Vaughan's wife, nothing in the record demonstrates that Officer Hunt saw any signs, such as erratic driving, that would have given him a reasonable, articulable suspicion to stop the vehicle.

2. Subsection (5) has been amended since the commission of the crime, though not in any way relevant to the present appeal. *See* P.L. 2007, ch. 531, § 2 (effective Sept. 1, 2008) (codified at 29–A M.R.S. § 2411(5) (2008)).

vided by the officer, which the court deemed inadmissible hearsay. The State did not have the dispatcher testify, nor did it offer any other proof of the phone call because the tapes likely had been destroyed. The court held that Officer Hunt's testimony concerning what the dispatcher told him was hearsay because it was offered to prove the truth of the matter—i.e., to establish that the call was actually made.

[¶ 4] Because evidence of Vaughan's wife's call to dispatch was excluded as hearsay, the court concluded that the State could not prove Officer Hunt had a reasonable, articulable suspicion to stop Vaughan's car. The court therefore ruled that any evidence obtained as a result of the stop was excluded. The State obtained permission from the Attorney General to file an appeal pursuant to 15 M.R.S. § 2115–A(1), (5) (2008). This appeal followed.

## II. DISCUSSION

[¶ 5] The Maine Rules of Evidence are applicable in hearings on motions to suppress. M.R. Evid. 104(a); *State v. Poole,* 551 A.2d 108, 110 (Me.1988). We review a trial court's decision to admit or exclude alleged hearsay evidence for an abuse of discretion. *See State v. Cornhuskers Motor Lines, Inc.,* 2004 ME 101, ¶ 10, 854 A.2d 189, 192. "The trial court has broad discretion in determining the admissibility of evidence," *State v. Robbins,* 666 A.2d 85, 87 (Me.1995), however, we will find an abuse of discretion if a party can demonstrate that the trial court "exceeded the bounds of the reasonable choices available to it," *Sager v. Town of Bowdoinham,* 2004 ME 40, ¶ 11, 845 A.2d 567, 570.

[¶ 6] At the suppression hearing, Vaughan challenged Officer Hunt's testimony insofar as it was intended to prove that a phone call had come into the dispatch center with a tip about Vaughan. Vaughan argues that Officer Hunt's testimony concerning his conversation with the dispatcher is hearsay because it is offered to prove the truth of the matter. Specifically, he contends that the entire conversation between the officer and the dispatcher is offered to prove that there was, in fact, a phone call, and is therefore inadmissible hearsay. Although Vaughan challenges the proof offered to establish the phone call, he makes no argument, nor offers any proof, that the officer fabricated the story of the call to dispatch or that the dispatcher misled the officer. He merely contends that the officer's testimony about the call to dispatch is inadmissible as hearsay. The State argues that evidence of the tip does not constitute hearsay because it was not offered to prove that Vaughan was driving while intoxicated. Rather, the State contends, the testimony was offered to demonstrate that Officer Hunt had a reasonable, articulable suspicion with which to stop Vaughan's vehicle.

[¶ 7] The State correctly draws a distinction between Vaughan's characterization of the evidence and its own. Vaughan operates under the assumption that the phone call to dispatch must be established for the truth of the matter, rather than to demonstrate that Officer Hunt had a reasonable, articulable suspicion. "[A] statement made by a person out of court is not hearsay if it is introduced as evidence of probable cause or an articulable suspicion and not for the truth of the matter asserted." *Poole,* 551 A.2d at 110 (citing M.R. Evid. 104 advisers' note, *reprinted in* Field & Murray, *Maine Evidence* § 104 at 33 (6th ed. 2007)).

[¶ 8] We have upheld the admission of indirect evidence of an underlying phone call or tip to establish that an officer had a reasonable, articulable suspicion to stop a vehicle. *See State v. Sampson,* 669 A.2d

1326, 1327–28 (Me.1996) (finding that the officer had a reasonable, articulable suspicion to stop a vehicle based on information relayed to him by his sergeant, which came from a source other than the sergeant and unknown to the officer); *State v. Peaslee*, 526 A.2d 1392, 1392 (Me.1987) ("The officer's informant need not himself testify at the suppression hearing."). In *State v. Poole*, a state trooper received a tip from an anonymous truck driver over a citizens' band (CB) radio about the erratic operation of another vehicle on the road. 551 A.2d at 109. The tip included a description of the vehicle and its license plate number. *Id.* The trooper later identified and stopped a vehicle matching that description. *Id.* We held that the information given to the trooper by the anonymous truck driver was not hearsay because it was only offered to show the information, existing at the time of the stop, that formed the trooper's reasonable, articulable suspicion. *Id.* at 110.

■ [¶ 9] Vaughan attempts to distinguish the present case from *Poole* by arguing that the officer's testimony about the phone call constitutes double hearsay rather than single hearsay—i.e., Officer Hunt received the information from the dispatcher, who received it from Vaughan's wife. However, our holding in *Poole* did not hinge on the number of people involved in relaying the information to the officer, but rather whether the officer's suspicion was reasonable under the circumstances. *See id.* at 110 (citing *Peaslee*, 526 A.2d at 1392). Although the reliability of information may be affected by the number of people involved in its transmittance, the fact that the officer did not speak directly to the caller does not preclude the reasonableness of the officer's suspicion. *See, e.g., Sampson*, 669 A.2d at 1327–28; *State v. Littlefield*, 677 A.2d 1055, 1056, 1058 (Me.1996) (holding that the officer had reasonable articulable suspicion even though he received the tip

from a dispatcher, who received it from the sheriff's department, which received it from an anonymous informant).

■ [¶ 10] As this Court held in *Sampson*,

An investigatory stop is justified if the officer at the time of the stop has an articulable suspicion that criminal conduct has taken place, is occurring, or imminently will occur, and the officer's assessment of the existence of specific and articulable facts sufficient to warrant the stop is *objectively reasonable in the totality of the circumstances.* The reasonable suspicion standard requires less than probable cause that a crime was being committed, but more than speculation or an unsubstantiated hunch.

*Sampson*, 669 A.2d at 1328 (quotation marks and citations omitted) (emphasis added). Neither the dispatcher nor Vaughan's wife needed to testify at the suppression hearing for the State to demonstrate a reasonable suspicion. *See Peaslee*, 526 A.2d at 1392. "The test is whether the information [provided to the officer] contains sufficient indicia of reliability, not whether it establishes the truth of the[ ] particular facts." *Id.*

[¶ 11] To prove articulable suspicion, the State need only show that Officer Hunt objectively and reasonably believed that specific and articulable facts existed to justify a stop of Vaughan's vehicle. *See Sampson*, 669 A.2d at 1328. Officer Hunt's testimony was offered to show why he stopped the vehicle. It was not offered to prove that Vaughan was intoxicated. Furthermore, it was not offered to prove that dispatch had, in fact, received a phone call from Vaughan's wife. The testimony was offered to prove that the officer had an objective, reasonable belief, under the totality of the circumstances, that Vaughan was driving while intoxicated.

[¶ 12] We have held that a tip—even an anonymous one—may be reliable if the information is corroborated by the officer. *Littlefield,* 677 A.2d at 1057–58. Corroboration in a case such as this one does not require the officer to observe any erratic driving or other illegal behavior. *See id.* The corroboration can consist of the officer verifying details such as "the physical description and location of the suspect." *Id.* at 1057.

[¶ 13] Here, Officer Hunt was given the make and model of Vaughan's vehicle and was told that the vehicle had temporary license plates. He was further informed that Vaughan was driving to the Hannaford store in North Windham. Within three or four minutes of receiving this information, Officer Hunt located a vehicle matching that description as it was leaving the Hannaford store in North Windham. We have previously held that even an anonymous tip relayed to an officer by dispatch with a detailed description of a vehicle and its license plate information, as well as the vehicle's location and the direction in which it is traveling, is sufficient to provide the officer with "the 'indicia of reliability' that the informant had personal knowledge that criminal or hazardous conduct ... had occurred [and that, therefore, the] reliable information provided a constitutional basis for the investigatory stop." *Id.* at 1058.

[¶ 14] Because "a statement made by a person out of court is not hearsay if it is introduced as evidence of ... an articulable suspicion," *Poole,* 551 A.2d at 110, the officer's testimony here was not hearsay. The officer testified that he received information about a tip from dispatch, which he corroborated when he found the vehicle Vaughan was driving, thereby demonstrating a reasonable, articulable suspicion for the stop. *See Littlefield,* 677 A.2d at 1057–58. The Superior Court erred in concluding that the statement was hear-

say, and it exceeded the bounds of its discretion in excluding the officer's testimony. Having articulated no other reason for suppressing the evidence, the court subsequently erred by suppressing the evidence obtained as a result of the stop.

The entry is:

Order of suppression vacated. Remanded to the Superior Court for further proceedings consistent with this opinion.