2010 ME 122

**STATE of Maine**

v.

**David VAUGHAN.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Nov. 17, 2010.

Decided: Nov. 30, 2010.

Stephanie Anderson, Dist. Atty., William J. Barry, ADA, Portland, ME, for State.

Michael B. Whipple, Esq., Molly Butler Bailey, Esq., The Hallett Law Firm, Portland, ME, for David Vaughan.

Panel: SAUFLEY, C.J., and ALEXANDER, SILVER, MEAD, GORMAN, and JABAR, JJ.

PER CURIAM.

[¶ 1] David Vaughan appeals from a judgment of conviction for operating under the influence (Class D), 29–A M.R.S. § 2411(1–A)(A) (2008) [1] entered in the Unified Criminal Docket (Cumberland County, *Warren, J.*) on his conditional guilty plea pursuant to U.C.D.R.P.-Cumberland County 11(a)(2).

[¶ 2] In 2007, Vaughan pleaded not guilty to operating under the influence (Class D), 29–A M.R.S. § 2411(1–A)(A), and violation of a condition of release (Class E), 15 M.R.S. § 1092(1)(A) (2009). We vacated the grant of Vaughan's subsequent motion to suppress in *State v. Vaughan (Vaughan I)*, 2009 ME 63, ¶ 14, 974 A.2d 930, 934, for reasons we need not reiterate here. On remand, with the agreement of the State and the approval of the court, Vaughan entered a conditional guilty plea for operating under the influence (Class D), 29–A M.R.S. 2411(1–A)(A), in exchange for the State's dismissal of the violation of a condition of release charge. The court sentenced Vaughan to a $750 fine and a ninety-day license suspension. Vaughan now appeals a second time.

[¶ 3] We do not address the substance of Vaughan's contentions [2] because his con-

---

1. Section 2411(1–A)(A) has since been amended. P.L.2009, ch. 447, § 37 (effective Sept. 12, 2009).

ditional plea was entered in violation of U.C.D.R.P.-Cumberland County 11(a)(2), and Vaughan's appeal is therefore not properly before us. Rule 11(a)(2), pursuant to which Vaughan purported to enter his conditional plea, expressly preserves for appellate review only a "pretrial motion and the ruling thereon." U.C.D.R.P.-Cumberland County 11(a)(2). In this appeal, however, Vaughan does not seek review of a pretrial ruling by the trial court; he is attempting to secure a second appellate review of the issues we decided in *Vaughan I*. In these circumstances, notwithstanding the agreement of the State and the approval of the court, a conditional plea was not a procedural mechanism available to Vaughan. We vacate the entry of Vaughan's conditional plea and remand the case to the trial court.

The entry is:

Judgment vacated and remanded for further proceedings consistent with this opinion.

**2.** Vaughan seeks this appeal "in light of the decision in *Virginia v. Harris*," 276 Va. 689, 668 S.E.2d 141 (2008). We note that *Harris v. Virginia*, 276 Va. 689, 668 S.E.2d 141 (2008), is a Virginia Supreme Court decision, and therefore not binding, and was issued in 2008, well prior to our decision in *Vaughan I*.