STATE OF MAINE
CUMBERLAND, ss.

DISTRICTCOURT
PORTLAND
Docket No. CDCR-16-3752

STATE OF MAINE )
)
v. )        ORDER ON MOTION TO SUPPRESS
)
STEVEN MCDONOUGH )
)
Defendant )

Defendant has been charged with criminal OUI pursuant to 29-A M.R.S. § 2411. Pending before the court is Defendant's Motion to Suppress, filed January 10, 2017.

The court held a hearing on Defendant's Motion to Suppress on February 2, 2017. Defendant appeared, represented by Attorney James Boulos. The State appeared, represented by Assistant District Attorney William Barry. The court heard testimony from Officer Bleicken of the Westbook Police Department, and admitted into evidence a hand-drawn diagram of the scene where Defendant's truck was found following its involvement in a single-vehicle accident. Counsel filed post-hearing memoranda on February 3, 2017.

At hearing, Officer Bleicken described being dispatched to the scene of an accident and testified that upon arrival at the scene he observed Defendant's vehicle jammed between a concrete pole and a footbridge. It appeared that Defendant had gone around a concrete barrier erected along Bridge Street. Officer Bleicken testified that he approached the passenger's side of the vehicle, and that Officer Clark, who was there at the time, approached the driver's side. Officer Bleicken testified that Officer Clark was the first to speak to Defendant, and that he heard part of their conversation, including Defendant's comment of "definitely OUI." No testimony was introduced from Officer Clark, as Officer Clark was not present at the hearing. Defendant contends that suppression is warranted on the ground that, because it was Officer Clark who asked Defendant to exit the vehicle, in the absence of testimony from Officer Clark, the State has not met its burden of showing the requisite reasonable articulable suspicion for the command to exit.

The "reasonable articulable suspicion" standard is well-established. The Law Court has repeatedly noted that:

> An investigatory stop is justified if the officer at the time of the stop has an articulable suspicion that criminal conduct has taken place, is occurring, or imminently will occur, and the officer's assessment of the existence of specific and articulable facts sufficient to warrant the stop is objectively reasonable in the totality of the circumstances. The reasonable suspicion standard requires less than probable cause that a crime was being committed, but more than speculation or an unsubstantiated hunch.

*State v. Vaughan,* 2009 ME 63, ¶ 10 (quoting *State v. Sampson*, 669 A.3d 1326, 1328). *See also State v King*, 2009 ME 14, ¶ 6 ("an officer may undertake field sobriety testing, 'like any other investigatory stop, if at the time the officer has an articulable suspicion, objectively reasonable in light of all the circumstances, that the object of the search has committed or is about to commit a crime.'") (quoting *State v. Wood*, 662 A.2d 919, 920 (Me. 1995)).

Defendant posits his argument as if this case involved a traffic stop effected by Officer Clark such that Officer Clark's absence from the hearing would frustrate the State's ability to show that at the time the officer pulled Defendant's vehicle over he had an objectively reasonable basis for doing so. Here, however, Westbrook Police Officers were dispatched to the scene of an accident involving Defendant's vehicle. Officer Bleicken was present and personally observed Defendant's vehicle where it had come to rest after encountering a concrete barrier. While Officer Clark was the first to engage Defendant in conversation, and apparently was the one who asked Defendant to exit the vehicle (Officer Bleicken's testimony is not clear on this point, but at hearing defense counsel and ADA Barry argued as if it were), Officer Clark's testimony is not required in order for the State to meet its burden in this case. The evidence adduced at trial -- consisting of the diagram of the accident scene and Officer Bleicken's testimony respecting his personal observations of the accident scene, his observation that Defendant's speech was "slurred" and his overhearing of Defendant's comments during Officer Clark's questioning -- provides specific and articulable facts which, under the totality of the circumstances, justify a reasonable suspicion that Defendant had been driving while under the influence.

2

Accordingly, because the evidence adduced at hearing establishes the requisite reasonable articulable suspicion, it is hereby ORDERED that Defendant's Motion to Suppress is DENIED.

DATED: 7 feb 17

Jed J. French
Judge, Uniform Criminal Court

3

STATE OF MAINE
vs
STEVEN MCDONOUGH
145 KING STREET
WESTBROOK ME 04092

CRIMINAL DOCKET
CUMBERLAND, ss.
Docket No    CUMCD-CR-2016-03752

**DOCKET RECORD**

DOB: 07/26/1962
Attorney:    JAMES BOULOS                    State's Attorney:    STEPHANIE ANDERSON
             THE BOULOS LAW FIRM
             PO BOX 856
             75 NORTH ST
             SACO ME 04072-0856
             RETAINED 07/06/2016

**Charge(s)**

1    OUI (ALCOHOL)                                      06/26/2016    WESTBROOK
Seq 12942         29-A  2411(1-A)(A)         Class D

**Docket Events:**

06/29/2016  FILING DOCUMENT - NON CASH BAIL BOND FILED ON 06/29/2016

06/29/2016  Charge(s):  1
            HEARING - ARRAIGNMENT SCHEDULE OTHER COURT ON 08/16/2016 at 08:30 a.m. in Room No. 1

            PORSC
06/29/2016  BAIL BOND - $1,500.00 UNSECURED BAIL BOND FILED ON 06/29/2016

            Bail Amt:   $1,500
            Date Bailed:   06/26/2016
            409
07/06/2016  Party(s):   STEVEN MCDONOUGH
            ATTORNEY - RETAINED ENTERED ON 07/06/2016

            Attorney: JAMES BOULOS
08/02/2016  Charge(s):  1
            SUPPLEMENTAL FILING - COMPLAINT FILED ON 08/02/2016

08/18/2016  Charge(s):  1
            HEARING - ARRAIGNMENT WAIVED ON 08/16/2016 at 08:30 a.m. in Room No. 1

08/18/2016  Charge(s):  1
            PLEA - NOT GUILTY ENTERED BY COUNSEL ON 08/16/2016 at 08:30 a.m. in Room No. 1

08/18/2016  Charge(s):  1
            HEARING - DISPOSITIONAL CONFERENCE SCHEDULED FOR 11/10/2016 at 10:00 a.m. in Room No. 7

08/18/2016  Charge(s):  1
            TRIAL - JURY TRIAL SCHEDULED FOR 01/09/2017 at 08:30 a.m. in Room No. 11

            NOTICE TO PARTIES/COUNSEL
10/25/2016  Charge(s):  1
            HEARING - DISPOSITIONAL CONFERENCE NOTICE SENT ON 10/25/2016

11/10/2016  Charge(s):  1
            HEARING - DISPOSITIONAL CONFERENCE HELD ON 11/10/2016
            THOMAS D WARREN , JUSTICE
            Attorney: JAMES BOULOS

DA: BRENDAN O'BRIEN
MOTION TO BE FILED. CASE UNRESOLVED.

11/28/2016 Charge(s): 1
TRIAL - JURY TRIAL NOTICE SENT ON 11/28/2016

01/10/2017 Charge(s): 1
TRIAL - JURY TRIAL CONTINUED ON 01/10/2017
NANCY MILLS , JUSTICE
MOTIONS FILED - TO BE HEARD 1/24/17

01/10/2017 Charge(s): 1
MOTION - MOTION TO SUPPRESS FILED BY DEFENDANT ON 01/10/2017

TO SUPPRESS STATEMENT
01/10/2017 MOTION - MOTION TO SUPPRESS STATEMENT FILED BY DEFENDANT ON 01/10/2017

01/10/2017 MOTION - MOTION TO SUPPRESS EVIDENCE FILED BY DEFENDANT ON 01/10/2017

01/10/2017 OTHER FILING - REQUEST FOR CHEMIST AT TRIAL FILED ON 01/10/2017

01/10/2017 MOTION - MOTION FOR DISCOVERY FILED BY DEFENDANT ON 01/10/2017

01/10/2017 MOTION - MOTION EXPERT WITNESS REPORT FILED BY DEFENDANT ON 01/10/2017

01/10/2017 MOTION - MOTION FOR DISCOVERY FILED BY DEFENDANT ON 01/10/2017

01/10/2017 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 01/24/2017 at 01:00 p.m. in Room No. 1

NOTICE TO PARTIES/COUNSEL
01/10/2017 HEARING - MOTION TO SUPPRESS NOTICE SENT ON 01/10/2017
JIM PAUL TURCOTTE , ASSISTANT CLERK

01/10/2017 Charge(s): 1
TRIAL - JURY TRIAL SCHEDULED FOR 02/13/2017 at 08:30 a.m. in Room No. 11

NOTICE TO PARTIES/COUNSEL
01/27/2017 HEARING - MOTION TO SUPPRESS CONTINUED ON 01/27/2017

INCLEMENT WEATHER
01/27/2017 HEARING - MOTION TO SUPPRESS EVIDENCE SCHEDULED FOR 02/02/2017 at 01:00 p.m. in Room No. 1

NOTICE TO PARTIES/COUNSEL
01/27/2017 HEARING - MOTION TO SUPPRESS EVIDENCE NOTICE SENT ON 01/27/2017

02/06/2017 HEARING - MOTION TO SUPPRESS EVIDENCE HELD ON 02/02/2017
JED FRENCH , JUDGE
Attorney: JAMES BOULOS
DA: WILLIAM BARRY
Defendant Present in Court
STATE CALLS WITNESS. CROSS EXAMINATION. STATE MOA EXHIBIT 1 WITHOUT OBJECTION OF DRAWING OF
CAR PARKED. CLOSING ARGUMENTS MADE. MOTION TAKEN UNDER ADVISEMENT. FTR 1

02/06/2017 MOTION - MOTION TO SUPPRESS EVIDENCE UNDER ADVISEMENT ON 02/02/2017
JED FRENCH , JUDGE

02/06/2017 OTHER FILING - MEMORANDUM OF LAW FILED ON 02/03/2017

DA: WILLIAM BARRY
02/06/2017 OTHER FILING - MEMORANDUM OF LAW FILED ON 02/06/2017

Attorney: JAMES BOULOS
02/10/2017 ORDER - COURT ORDER FILED ON 02/07/2017
JED FRENCH , JUDGE
ORDER ON MOTION TO SUPPRESS IS DENIED.

A TRUE COPY
ATTEST: _____
Clerk