STATE OF MAINE
CUMBERLAND, ss

UNIFIED CRIMINAL DOCKET
No. CR-20-191

STATE OF MAINE

v.

ORDER

JOSHUA LOVELL,

Defendant

Before the court is defendant's motion to suppress. A hearing was held on February 1, 2021 and the parties thereafter filed memoranda of law.

At the hearing defense counsel clarified that the basis of the motion was that MDEA officers did not have reasonable articulable suspicion to stop a vehicle in which Joshua Lovell was riding, which led to the discovery of the illegal drugs on which the charges against Lovell are based.

The court finds as follows:

Prior to January 11, 2020 Michael Lee, a detective employed by Amtrak with experience in investigating cases involving the transport of narcotics by train, had been informed by an Amtrak conductor named Gato that a passenger named Joshua Lovell had made a same-day round trip from Portland to Haverhill, MA on December 23, 2019 in company with another male and that after disembarking in Haverhill they had returned to Portland on the next northbound train approximately 2 hours later. The conductor reported that it appeared as if the males might be high on drugs.

Detective Lee consulted an Amtrak database and learned that Lovell had previously made two trips to Haverhill – on December 7 and December 16 – and in each case had stayed only a

short time in Haverhill, disembarking from a southbound train and then returning on the next northbound train. Detective Lee knew that Haverhill was a location where supplies of narcotics were frequently obtained for distribution to other areas.

Conductor Gato subsequently supplemented the information he had provided to Detective Lee by informing him that he had noted where Lovell and the other passenger had had been seated on the December 23 trip and that he had seen what appeared to be a crack pipe on one of those seats after Lovell had left the train.

There are no assigned seats on the trains between Portland and Lawrence but there is a manifest listing the passengers to which conductors have access. Detective Lee did not himself see the crack pipe and there is no evidence that the conductor had any law enforcement training or other knowledge that would have allowed him to recognize a crack pipe.

According to training that Detective Lee had received from the DEA, passengers who took quick round trips to places known to be drug distribution centers could be using the train system to transport drugs. Detective Lee accordingly notified MDEA Special Agent Matt Morrison that Joshua Lovell had made several quick round trips to Haverhill,[1] that Lovell and his companion had appeared high on drugs on December 23, and that the conductor has seen what the conductor had thought was a crack pipe where Lovell and his companion had been sitting. Morrison said he was not familiar with Lovell but expressed interest if Lovell were to make any quick round trips in the future

On January 11, 2020 Conductor Gato sent Detective Lee one or more texts stating that Lovell was again taking a round trip from Portland, again to Haverhill, where Lovell was scheduled

---

[1] Although Detective Lee testified he was aware of three quick round trips by Lovell in December, Morrison recalled that he was informed of two such trips.

to spend approximately 38 minutes between the time he disembarked from a southbound train and the time he would reboard a northbound train.

Detective Lee then notified Agent Morrison that Lovell was again making a quick round trip to Haverhill, apparently in the company of a Silas Lovell. Morrison knew that MDEA had previously received information from Detective Lee which had led to arrests and seizures of drugs. He also knew Haverhill to be a location from which illegal drugs were transported to Maine.[2]

Morrison learned when the train transporting Lovell was scheduled to arrive and obtained a driver's license photo of Lovell, from which he also learned that Lovell was not from Portland but from somewhere north of Portland. He then waited in the station and saw someone whose appearance matched Lovell's driver's license photo, trailed by a small child who Morrison thought was trying to keep up, walk through the station with the disembarking passengers without pausing. Morrison then followed that man outside the station, where the man got into a Honda Civic which was right outside in the waiting lane. As the car drove away, Morrison made the decision to stop the vehicle and communicated that to other officers who stopped the vehicle on the ramp leading to I-295 South.[3]

---

[2] Agent Morrison also made internal inquiries as to whether Maine law enforcement officers had information linking Joshua Lovell to drug activity and he was told that there had been some kind of contact possibly related to drugs (referred to at one point as "drug calls for service") involving Lovell in Harrison or Bridgton. Since no other details were given and the court does not understand the meaning and cannot weigh the significance of a "drug call for service," it does not give any weight to that information in determining whether reasonable articulable suspicion existed.

[3] Since the sole focus of the suppression hearing was on whether Agent Morrison had a reasonable articulable suspicion to stop the vehicle in which Lovell was a passenger, no evidence was offered as to what had transpired after the stop.

3

Discussion

The State has the burden of demonstrating by a preponderance that Agent Morrison had a reasonable articulable suspicion to stop the vehicle in which Lovell was riding as it drove away from the train station on January 11, 2020.

In order to justify a brief investigatory stop of a motor vehicle, a law enforcement officer must have an objectively reasonable articulable suspicion that criminal conduct has occurred or is occurring. *State v. LaForge*, 2012 ME 65 ¶ 8, 43 A.3d 961. A reasonable articulable suspicion is "considerably less" than proof of wrongdoing by a preponderance of the evidence and need not rise to the level of probable cause. "The suspicion need only be more than speculation or an unsubstantiated hunch." *Id.* ¶ 10, quoting *State v. Porter*, 2008 ME 175 ¶ 9, 960 A.2d 321.

When Morrison made the decision to stop the vehicle in which Lovell was a passenger, he had received information from Amtrak Detective Lee that Lovell had made two prior quick round trips from Portland to Haverhill, a location which Morrison knew to be a distribution point for illegal drugs. Making such trips was consistent with someone picking up illegal drugs and importing them to Maine.

Morrison also knew from Lee that Lovell was making another quick round trip to Haverhill that same day – a trip in which it appeared Lovell had travelled down to Portland, boarded a southbound train, got off in Haverhill, and spent only 38 minutes in Haverhill before boarding a northbound train. Detective Lee was an experienced law enforcement officer whose information had led to seizures and arrests in the past, and he told Agent Morrison when Lovell's train was scheduled to arrive – information that was confirmed when Morrison saw someone matching the photo on Lovell's driver's license walk through the station.

4

Detective Lee had also reported to Morrison the information Lee had received from Conductor Gato that Lovell and a companion had appeared high on the December 23 trip and that what the conductor thought was a crack pipe had been seen where they were sitting. Counsel for Lovell argues that the information obtained from conductor Gato is inadmissible hearsay that cannot form the basis for reasonable articulable suspicion. First, Detective Lee had confirmed Gato's information as to Lovell's multiple quick round trips to Haverhill in an Amtrak database. Second, Gato was not an anonymous tipster but an identified individual whose job as conductor would specifically include observation of the actions and appearance of passengers. Third, unlike a situation where unadorned information was provided with no explanation as to how that information had been obtained, *see Florida v. J.L.*, 529 U.S. 266, 271 (2000), the conductor's information included the details of what he had observed and what he had learned and allowed an assessment of the basis of the information he had provided.

This information added up to "more than speculation or an unsubstantiated hunch," *State v. LaForge*, 2012 ME 65 ¶ 8, and constituted the basis for reasonable articulable suspicion on the part of Agent Morrison that Lovell was involved in the importation of drugs.

As noted above, the defense objected on hearsay grounds to the information indirectly provided the Agent Morrison via Detective Lee from Conductor Gato. However, the Law Court has found that evidence that would otherwise constitute hearsay is admissible on a suppression motion when it is offered as information to support a reasonable articulable suspicion and not offered for the truth of the matter asserted. *State v. Vaughn,* 2009 ME 63 ¶ 7, 974 A.2d 930. Detective Lee testified at the suppression hearing. Conductor Gato did not, but the *Vaughn* decision establishes that subject to consideration of its potential reliability, indirect information

(even information that would be characterized as double hearsay) may still constitute a sufficient basis for a reasonable articulable suspicion. *Id.* ¶¶ 8-10.

As the court informed counsel at the hearing, while it reserved decision on the defense's hearsay objection, it anticipated that the evidence offered by the State would be admissible but might or might not constitute a sufficiently reliable basis for reasonable articulable suspicion. In this case, the court finds the evidence admissible under *Vaughn* and also concludes, for the reasons set forth above, that the information obtained by Agent Morrison was sufficiently reliable to form the basis for reasonable articulable suspicion.

Two other arguments have been raised by the defense. The first is that because the information provided by Conductor Gato about the December 23 trip was almost three weeks old as of the January 11 stop, it was too stale to constitute a basis for reasonable articulable suspicion. The problem with this argument is that the January 11 stop was not solely based on three week old information but was also based on contemporaneous information that, on January 11 itself, Lovell – after two similar trips within the past month – was taking another round trip rail trip to Haverhill on which he was scheduled to spend only 38 minutes in Haverhill – a time short enough to obtain drugs but seemingly too short for other purposes.[4]

The second argument raised by the defense is that the court should depart from the reasonable articulable suspicion standard derived from federal law and impose a considerably higher standard under the Maine Constitution. This would constitute a significant departure from prior Law Court decisions such as those cited above. Moreover, in the absence of a contrary ruling from the Law Court, trial courts are obliged to follow the existing guidance that Art. I, § 5 of the

---

[4] In finding reasonable articulable suspicion, the court places greater reliance on Lovell's repeated round trips to Haverhill with quick turnarounds than it does on the conductor's observations of what the conductor thought was a crack pipe, since no basis was offered with respect to the conductor's ability to recognize a crack pipe.

6

Maine Constitution is interpreted as coextensive with the Fourth Amendment of the U.S. Constitution. *See, e.g., State v. LaFond,* 2002 ME 124 ¶ 6 n.2, 802 A.2d 425; *State v. Gulick,* 2000 ME 170 ¶ 9 n.3, 759 A.2d 1085,

Defendant's motion to suppress is denied.

Dated:  April 12, 2021

Thomas D. Warren
Justice, Superior Court

7

STATE OF MAINE
vs
JOSHUA LOVELL
221 WEBBER BROOK ROAD
OXFORD ME 04270

CRIMINAL DOCKET
CUMBERLAND, ss.
Docket No    CUMCD-CR-2020-00191

**DOCKET RECORD**

DOB: 09/10/1988
Attorney:    DEVENS HAMLEN                          State's Attorney:    JONATHAN SAHRBECK
             HEMINWAY HAMLEN LAWCENTER PA
             PO BOX 4784
             PORTLAND ME 04112
             APPOINTED 01/13/2020
Filing Document:    CRIMINAL COMPLAINT              Major Case Type:  FELONY (CLASS A,B,C)
Filing Date:        01/13/2020

**Charge(s)**

1   AGGRAVATED TRAFFICKING OF SCHEDULED DRUGS              01/11/2020    PORTLAND
Seq 13783          17-A  1105-A(1)(M)         Class A

2   UNLAWFUL POSSESSION OF COCAINE                         01/11/2020    PORTLAND
Seq 13375          17-A  1107-A(1)(B)(2)      Class C

3   ENDANGERING THE WELFARE OF A CHILD                     01/11/2020    PORTLAND
Seq 13129          17-A  554(1)(C)            Class D

4   VIOLATING CONDITION OF RELEASE                         01/11/2020    PORTLAND
Seq 9632           15    1092(1)(A)           Class E

**Docket Events:**

01/13/2020  FILING DOCUMENT - CRIMINAL COMPLAINT FILED ON 01/13/2020

01/13/2020  Charge(s):  1,2,3,4
            HEARING - INITIAL APPEARANCE SCHEDULE OTHER COURT ON 01/13/2020 at 01:00 p.m. in Room No.  1

            PORSC
01/14/2020  Charge(s):  1,2,3,4
            HEARING - INITIAL APPEARANCE HELD ON 01/13/2020
            JED  FRENCH , JUDGE
            DA: JONATHAN SAHRBECK
            Defendant Present in Court
            FTR1
01/14/2020  Charge(s):  1,2,3,4
            PLEA - NO ANSWER ENTERED BY DEFENDANT ON 01/13/2020

01/14/2020  BAIL BOND - $10,000.00 CASH BAIL BOND SET BY COURT ON 01/13/2020
            JED  FRENCH , JUDGE
            OR PR AND MPTSC                        NO CONTACT HAYDEN EDWARDS 02/16/1996
01/14/2020  MOTION - MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 01/13/2020

01/14/2020  MOTION - MOTION FOR APPOINTMENT OF CNSL GRANTED ON 01/13/2020
            JED  FRENCH , JUDGE
            COPY TO PARTIES/COUNSEL
01/14/2020  Party(s):    JOSHUA LOVELL
            ATTORNEY - APPOINTED ORDERED ON 01/13/2020

            Attorney:  DEVENS HAMLEN
01/14/2020  HEARING - DISPOSITIONAL CONFERENCE SCHEDULED FOR 04/29/2020 in Room No. 7

01/14/2020 Charge(s): 1,2,3,4
TRIAL - JURY TRIAL SCHEDULED FOR 06/22/2020 at 08:30 a.m. in Room No. 11

NOTICE TO PARTIES/COUNSEL
01/30/2020 OTHER FILING - PRETRIAL SERVICES CONTRACT FILED ON 01/30/2020

01/31/2020 OTHER FILING - PRETRIAL SERVICES CONTRACT APPROVED ON 01/30/2020
JED FRENCH , JUDGE
02/04/2020 BAIL BOND - PR BAIL BOND FILED ON 02/04/2020

Date Bailed: 01/30/2020
02/04/2020 MOTION - OTHER MOTION FILED BY DEFENDANT ON 02/04/2020

Attorney: DEVENS HAMLEN
TO SET FOR BAIL HEARING
02/05/2020 MOTION - OTHER MOTION GRANTED ON 02/05/2020
DEBORAH CASHMAN , JUDGE
TO SET FOR BAIL HEARING
02/05/2020 HEARING - BAIL HEARING SCHEDULED FOR 02/11/2020 at 01:00 p.m. in Room No. 1

NOTICE TO PARTIES/COUNSEL
02/05/2020 HEARING - BAIL HEARING NOTICE SENT ELECTRONICALLY ON 02/05/2020

02/12/2020 HEARING - BAIL HEARING HELD ON 02/11/2020
ROBERT E MULLEN , JUSTICE
Attorney: DEVENS HAMLEN
DA: JOHANNA GAUVREAU
Defendant Present in Court
FTR CR#1                                          BAIL ADDRESSED. RESET TO 2-25-20 TO READDRESS.
02/12/2020 HEARING - BAIL HEARING SCHEDULED FOR 02/25/2020 at 01:00 p.m. in Room No. 1

NOTICE TO PARTIES/COUNSEL
02/12/2020 HEARING - BAIL HEARING NOTICE SENT ELECTRONICALLY ON 02/12/2020

02/12/2020 MOTION - MOTION TO AMEND BAIL FILED BY DEFENDANT ON 02/12/2020

Attorney: DEVENS HAMLEN
02/12/2020 MOTION - MOTION TO AMEND BAIL GRANTED ON 02/12/2020
JED FRENCH , JUDGE
COPY TO PARTIES/COUNSEL
02/21/2020 OTHER FILING - PRETRIAL SERVICES CONTRACT FILED ON 02/19/2020

AMENDED
02/24/2020 OTHER FILING - PRETRIAL SERVICES CONTRACT APPROVED ON 02/24/2020
THOMAS D WARREN , JUSTICE
02/25/2020 BAIL BOND - PR BAIL BOND AMENDED ON 02/25/2020
JED FRENCH , JUDGE
AMENDED FURTHER BY J. KENNEDY 3-27-20 - CURFEW REMAINS THE SAME 9-6 WITH ANY EXCEPTIONS
BEING PRE-APPROVED BY MAINE PRETRIAL SERVICES. MR LOVELL SHALL BE PERMITTED TO TRAVEL ONE
TIME TO MASSACHUSETTS ON MAY 18, 2020 TO ATTEND HIS COURT DATE AT THE HAVERHILL DISTRICT
COURT.

Date Bailed: 01/30/2020

02/26/2020 HEARING - BAIL HEARING HELD ON 02/25/2020

JED FRENCH , JUDGE

Attorney: DEVENS HAMLEN

DA: BRENDAN O'BRIEN

Defendant Present in Court

CURFEW AMENDED BY AGREEMENT. REQUEST TO LEAVE STATE FOR COURT DATE IN MASSACHUSETTS IN MARCH GRANTED. REQUEST DENIED AS TO MARIJUANA AMENDMENT.

03/19/2020 HEARING - DISPOSITIONAL CONFERENCE CONTINUED ON 03/13/2020

PER ORDER OF THE SJC.

03/27/2020 MOTION - MOTION TO AMEND BAIL FILED BY DEFENDANT ON 03/26/2020

Attorney: DEVENS HAMLEN

VIA EMAIL                          NO OBJECTION BY STATE

                            PAPER COPY OF MOTION TO AMEND BAIL RECEIVED VIA REGULAR MAIL 3/30

03/27/2020 MOTION - MOTION TO AMEND BAIL GRANTED ON 03/27/2020

MARYGAY KENNEDY , JUSTICE

COPY TO PARTIES/COUNSEL                        RE: CURFEW AND ABILITY TO LEAVE THE STATE.

04/03/2020 MOTION - MOTION FOR EXTENSION OF TIME FILED BY STATE ON 03/26/2020

INDICTMENT

04/03/2020 MOTION - MOTION FOR EXTENSION OF TIME GRANTED ON 04/02/2020

MARYGAY KENNEDY , JUSTICE

COPY TO PARTIES/COUNSEL

05/12/2020 Charge(s): 1,2,3,4

TRIAL - JURY TRIAL CONTINUED ON 05/12/2020

PER PMO-SJC-1 5-5-2020

06/25/2020 HEARING - DISPOSITIONAL CONFERENCE SCHEDULE OTHER COURT ON 07/14/2020 at 02:20 p.m. in Room No. 7

PORSC

06/25/2020 HEARING - DISPOSITIONAL CONFERENCE NOTICE SENT ELECTRONICALLY ON 06/25/2020

07/15/2020 HEARING - DISPOSITIONAL CONFERENCE HELD ON 07/14/2020

MARYGAY KENNEDY , JUSTICE

Attorney: DEVENS HAMLEN

DA: JOHANNA GAUVREAU

HELD VIA TELECOFNERENCE. NO AGREEMENT. SET FOR DISPO.

07/15/2020 HEARING - DISPOSITIONAL CONFERENCE SCHEDULE OTHER COURT ON 09/02/2020 at 03:00 p.m. in Room No. 7

PORSC

07/15/2020 HEARING - DISPOSITIONAL CONFERENCE NOTICE SENT ELECTRONICALLY ON 07/15/2020

NOTICE SENT WITH TIME BALWARD 08.21.20

07/30/2020 Charge(s): 1,2,3,4

SUPPLEMENTAL FILING - INDICTMENT FILED ON 07/24/2020

08/04/2020 Charge(s): 1,2,3,4

MOTION - MOTION TO SUPPRESS FILED BY DEFENDANT ON 08/04/2020

Attorney: DEVENS HAMLEN

09/02/2020  HEARING - DISPOSITIONAL CONFERENCE HELD ON 09/02/2020

THOMAS MCKEON , JUSTICE

Attorney: DEVENS HAMLEN

DA: JOHANNA GAUVREAU

OFFER MADE

01/11/2021  HEARING - MOTION TO SUPPRESS SCHEDULE OTHER COURT ON 02/01/2021 at 01:00 p.m. in Room No. 9

PORSC

01/11/2021  HEARING - MOTION TO SUPPRESS NOTICE SENT ELECTRONICALLY ON 01/11/2021

02/01/2021  HEARING - MOTION TO SUPPRESS HELD ON 02/01/2021 in Room No. 9

THOMAS D WARREN , JUSTICE

Attorney: DEVENS HAMLEN

DA: JOHANNA GAUVREAU

Defendant Present in Court

02/03/2021  OTHER FILING - OTHER DOCUMENT FILED ON 02/03/2021

DA: JOHANNA GAUVREAU

STATE'S CLOSING ARGUMENT RESPONDING TO HEARSAY OBJECTION AND OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS EVIDENCE

02/12/2021  OTHER FILING - OTHER DOCUMENT FILED ON 02/11/2021

Attorney: DEVENS HAMLEN

DEFENDANT'S CLOSING ARGUMENT AND RESPONSE TO STATE'S BRIEF

02/17/2021  Charge(s): 1,2,3,4

MOTION - MOTION TO SUPPRESS UNDER ADVISEMENT ON 02/01/2021

THOMAS D WARREN , JUSTICE

02/17/2021  CASE STATUS - CASE FILE LOCATION ON 02/17/2021

WITH JUSTICE WARREN

04/20/2021  CASE STATUS - CASE FILE RETURNED ON 04/20/2021

04/20/2021  Charge(s): 1,2,3,4

MOTION - MOTION TO SUPPRESS DENIED ON 04/15/2021

THOMAS D WARREN , JUSTICE

COPY TO PARTIES/COUNSEL

04/20/2021  ORDER - COURT ORDER FILED ON 04/15/2021

THOMAS D WARREN , JUSTICE

MOTION TO SUPPRESS IS DENIED

A TRUE COPY
ATTEST: _____

        Clerk